UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAYMOND COLBERT,

                                 Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                                 Defendant.
_____

DECISION & ORDER

18-CV-702MWP

## PRELIMINARY STATEMENT

Plaintiff Raymond Colbert ("Colbert") brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Supplemental Security Income Benefits ("SSI"). Pursuant to the Standing Order of the United States District Court for the Western District of New York regarding Social Security cases dated June 1, 2018, this case has been reassigned to, and the parties have consented to the disposition of this case by, the undersigned. (Docket # 17).

Currently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket ## 10, 15). For the reasons set forth below, I hereby vacate the decision of the Commissioner and remand this claim for further administrative proceedings consistent with this decision.

**DISCUSSION**

**I.      Standard of Review**

This Court's scope of review is limited to whether the Commissioner's determination is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards. *See Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) ("[i]n reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision"), *reh'g granted in part and denied in part*, 416 F.3d 101 (2d Cir. 2005); *see also Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("it is not our function to determine *de novo* whether plaintiff is disabled[;] . . . [r]ather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard") (internal citation and quotation omitted). Pursuant to 42 U.S.C. § 405(g), a district court reviewing the Commissioner's determination to deny disability benefits is directed to accept the Commissioner's findings of fact unless they are not supported by "substantial evidence." *See* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive"). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).

To determine whether substantial evidence exists in the record, the court must consider the record as a whole, examining the evidence submitted by both sides, "because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). To the extent

they are supported by substantial evidence, the Commissioner's findings of fact must be sustained "even where substantial evidence may support the claimant's position and despite the fact that the [c]ourt, had it heard the evidence *de novo*, might have found otherwise." *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 204 (W.D.N.Y. 2005) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983)).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). When assessing whether a claimant is disabled, the ALJ must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

(1) whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;

(4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his or her past work; and

(5) if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t

3

step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d at 383 (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

II. **ALJ's Decision**

In his decision, the ALJ followed the required five-step analysis for evaluating disability claims. (Tr. 13-24). Under step one of the process, the ALJ found that Colbert had not engaged in substantial gainful activity since July 7, 2014, the application date. (Tr. 13). At step two, the ALJ concluded that Colbert had the severe impairments of depression, post-traumatic stress disorder ("PTSD"), cocaine and alcohol use disorder/dependence, and attention deficit disorder ("ADD"). (*Id.*). The ALJ concluded that Colbert also suffered from other impairments that were not severe. (*Id.*). At step three, the ALJ determined that Colbert did not have an impairment (or combination of impairments) that met or medically equaled one of the listed impairments. (Tr. 14-15). With respect to Colbert's mental limitations, the ALJ found that he suffered from moderate limitations in understanding, remembering, or applying information, and interacting with others, and mild limitations in concentrating, persisting, or maintaining pace, and adapting or managing oneself. (*Id.*). The ALJ concluded that Colbert had the RFC to perform the full range of work at all exertional levels, but could only occasionally understand, remember and carry out complex and detailed tasks and interact with the public. (Tr. 15-22). At steps four and five, the ALJ determined that Colbert was able to perform his prior work as a janitor and that other jobs existed in the national economy that Colbert could perform, including the positions of cart attendant and cleaner, industrial. (Tr. 22-24). Accordingly, the ALJ found that Colbert was not disabled. (*Id.*).

### III. Colbert's Contentions

Colbert contends that the ALJ's determination that he is not disabled is not supported by substantial evidence and is the product of legal error. (Docket ## 10-1, 16). First, Colbert challenges the determination on the grounds that the ALJ failed to properly consider and weigh an opinion authored by state examining physician, Christine Ransom ("Ransom"), PhD, in connection with Colbert's previous application for benefits. (Docket ## 10-1 at 18-20; 16 at 1-2). Next, Colbert maintains that the ALJ improperly weighed the opinion authored by his treating psychiatrist Lauren A. Derhodge ("Derhodge"), MD. (Docket ## 10-1 at 20-25; 16 at 3-4). Finally, Colbert maintains that the ALJ improperly evaluated his credibility, particularly by placing undue emphasis on Colbert's ongoing struggle with substance abuse. (Docket ## 10-1 at 25-28; 16 at 4-7).

### IV. Analysis

Having carefully reviewed the ALJ's decision, I agree with Colbert that the ALJ placed undue emphasis on Colbert's ongoing substance abuse struggles without properly evaluating the materiality of his substance abuse as required by applicable regulations. The ALJ's failure to conduct the required analysis impedes this Court's ability to determine whether substantial evidence supports his determination that Colbert is not disabled. Accordingly, remand is appropriate.

Under the Act, "an individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor *material* to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 1382c(a)(3)(J) (emphasis supplied). Thus, in cases such as this, where alleged nonexertional limitations include substance abuse, the

inquiry "does not end with the five-step analysis." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 123 (2d Cir. 2012), *cert. denied*, 570 U.S. 919 (2013). Rather, "if the ALJ determines that a claimant is disabled, and the record contains medical evidence of substance abuse, the ALJ must proceed to determine whether the substance abuse is a contributing factor material to the determination of disability – that is, whether the claimant would still be found disabled if he stopped using drugs or alcohol." *Lynn v. Colvin*, 2017 WL 743731, *2 (W.D.N.Y. 2017) (quotations omitted); *see also Cage v. Comm'r of Soc. Sec.*, 692 F.3d at 123 ("[t]he critical question is whether the SSA would still find the claimant disabled if [he] stopped using drugs or alcohol") (internal quotation and brackets omitted); 20 C.F.R. §§ 404.1535(a), 404.1535(b)(1), 416.935(a), 416.935(b)(1).

In making this determination, the Commissioner must evaluate which of the claimant's "current physical and mental limitations, upon which [the Commissioner] based [his] current disability determination, would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of [the claimant's] remaining limitations would be disabling." 20 C.F.R. § 404.1535(b)(2); *see also* 20 C.F.R. § 416.935(b)(2). If the Commissioner determines that the claimant's "remaining limitations would not be disabling, [the Commissioner] [must] find that [the claimant's] drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. § 404.1535(b)(2)(i); *see also* 20 C.F.R. § 416.935(b)(2)(i). The claimant bears the burden of proving that drug addiction or alcoholism is not material to the disability determination. *Cage*, 692 F.3d at 123.

The regulations make clear that "the ALJ must first make a determination as to disability by following the five-step sequential evaluation process, without segregating out any effects that might be due to substance use disorders." *Morales v. Colvin*, 2015 WL 13774790,

6

*17 (S.D.N.Y.) (internal quotations omitted) (collecting cases), *report and recommendation adopted by*, 2015 WL 2137776 (S.D.N.Y. 2015). In other words, the ALJ's "initial disability determination should concern strictly symptoms, not causes." *Id.* (quotations and brackets omitted); *see O'Connell v. Astrue*, 2009 WL 606155, *26 (N.D.N.Y. 2009) ("[t]he plain text of the regulation requires the ALJ to first use the standard sequential analysis to determine whether the claimant is disabled, without segregating out any effects that might be due to substance use disorders") (quotations omitted). "Only after the claimant has been determined to be disabled should the ALJ consider whether the claimant would remain disabled if he stopped abusing drugs and alcohol." *Morales v. Colvin*, 2015 WL 13774790 at *17; *see Piccini v. Comm'r of Soc. Sec.*, 2014 WL 4651911, *12 (S.D.N.Y. 2014) ("[o]nce the claimant is found to be disabled, the ALJ then considers whether the drug addiction or alcoholism is a contributing factor"); *O'Connell v. Astrue*, 2009 WL 606155 at *26 ("substance abuse becomes material to a benefit determination only after the claimant is found to be disabled according to the sequential analysis") (quotations omitted).

In this case, the ALJ's decision, particularly his RFC analysis, is replete with references to Colbert's ongoing struggles with alcohol and cocaine. (Tr. 13-24). At step two, the ALJ found that Colbert's ongoing cocaine and alcohol use disorder/dependence was a severe impairment. (Tr. 13). In connection with his step three analysis, the ALJ noted that Susan Santarpia ("Santarpia"), PhD, one of the state consulting examiners, attributed Colbert's limitations to his history of substance abuse. (Tr. 14 (citing Tr. 388)). The ALJ's RFC analysis summarizes Colbert's medical history, including his repeated relapses after attempts to remain abstinent from alcohol and cocaine use. (Tr. 15-22). The ALJ noted that Colbert was terminated from employment due to his substance abuse, and that both Santarpia and Derhodge opined that

7

his difficulties could stem in part from his ongoing substance abuse.[1] (Tr. 22 (citing Tr. 388, 576)). The ALJ concluded that Colbert's "substance abuse disorder and mental illnesses are rather intertwined and caused probably more by his substance abuse" and observed that Colbert's "main issue is that he fails to properly address his substance abuse and continues to use despite several attempts to get sober and clean." (Tr. 21-22). The ALJ further determined that "[t]here [are] no cognitive reasons why [Colbert] could not comply with a treatment plan and get better." (Tr. 22).

The ALJ's repeated references to Colbert's ongoing substance abuse issues suggest that he may have improperly "conflate[d] the substance abuse analysis with the disability determination itself." *See Piccini v. Comm'r*, 2014 WL 4651911 at *15; *Horst v. Colvin*, 2016 WL 6436565, *9 (N.D. Iowa 2016) ("[t]he question in this case, though, is whether the ALJ, nonetheless improperly, discounted opinions about claimant's limitations by segregating the effect of claimant's substance abuse before reaching the decision of whether claimant was disabled"); *Tapp v. Barnhart*, 2002 WL 31295333, *23 (N.D. Iowa 2002) ("the ALJ made an ultimate finding that [plaintiff] was not disabled . . . , but appears to have done so only by taking into account [plaintiff's] alcoholism[;] [t]his puts the cart before the horse, as the first determination must be whether [plaintiff] is disabled as he presented himself, without deducting out alcohol") (internal quotations omitted). The risk of that error is underscored by the ALJ's failure to cite or analyze the applicable regulations addressing substance abuse analysis. *See Timothy I. v. Berryhill*, 2018 WL 5312039, *11 (E.D. Mo. 2018) ("the ALJ did not cite the

---

[1] It is also unclear whether the ALJ may have discounted the limitations assessed by Derhodge because her treatment notes suggested that Colbert's condition improved when he abstained from substance abuse and because she thought his depressive symptoms could potentially be attributed to his alcohol use (Tr. 22); *see Morales*, 2015 WL 13774790 at *21 ("[i]t also appears that the ALJ's initial, improper focus on substance abuse as a 'cause' of [p]laintiff's symptoms may have led the ALJ to have assigned inappropriately reduced weight to the opinions of [p]laintiff's treating psychiatrist").

8

applicable regulations, nor is it clear that the failure to do so is merely a drafting oversight"); *Patterson v. Colvin*, 2016 WL 7242157, *8 (E.D. Mo. 2016) ("the ALJ did not mention the relevant regulation[,] . . . [and] performed a collapsed and truncated analysis, considering [p]laintiff's alcohol dependence in connection with the ALJ's credibility determination as well as the determination of [p]laintiff's RFC"); *Parker v. Comm'r of Soc. Sec.*, 2014 WL 902692, *11 (E.D. Mich. 2014) ("the ALJ's analysis is highly problematic because she failed to even acknowledge the appropriate regulation and certainly did not follow the prescribed procedure").

In this case, ample record evidence exists demonstrating that Colbert suffered from diagnosed mental impairments, including depression, PTSD and ADD, for which he received inpatient and outpatient treatment and was prescribed various medications. (*See*, *e.g.*, Tr. 61, 72, 329, 332, 388, 525, 536, 538, 561, 572, 576, 616, 620, 648, 657, 764). Although the ALJ acknowledged that Colbert suffered from these severe mental impairments, the language of his decision suggests that he may have discounted limitations associated with these impairments because he concluded that they were caused, or substantially exacerbated, by Colbert's ongoing substance abuse issues. Indeed, the ALJ's conclusion that Colbert's "main issue" was his ongoing substance abuse and his inexplicable inability to complete a rehabilitation treatment program strongly suggests that the ALJ "improperly minimized or excluded symptoms because they may have been caused by substance abuse" in assessing disability in the first instance based on the entirety of Colbert's symptoms. *Piccini*, 2014 WL 4651911 at *15; *Morales*, 2015 WL 13774790 at *21 ("[t]hese comments of the ALJ suggest that, in connection with making his initial RFC assessment, he examined the reasons behind [p]laintiff's symptoms, and then discounted the symptoms where he found that they were caused by alcohol and drug abuse – an approach that is improper under the regulations"); *Parker v. Comm'r of Soc. Sec.*, 2014

9

WL902692 at *10 ("[t]his determination must be based on substantial evidence of plaintiff's medical limitations without deductions for the assumed effects of substance use disorders") (internal quotations omitted); *Webb v. Colvin*, 2013 WL 5347563, *6 (W.D.N.Y. 2013) ("[t]he ALJ's decision is unclear as to whether he determined that [p]laintiff was not disabled after consideration of these symptoms, or if symptoms resulting from [p]laintiff's substance abuse were discounted prior to this determination"); *O'Connell*, 2009 WL 606155 at *27 ("the ALJ never clearly found [p]laintiff disabled before" determining that his "alcoholism is 'primary and material'"). Under such circumstances, remand is required "so that the ALJ can separately determine [Colbert's] disability before assessing whether or not [his] alcohol abuse constitutes a contributing factor material to that determination." *Piccini*, 2014 WL 4651911 at *15; *Webb v. Colvin*, 2013 WL 5347563 at *6 ("[t]he matter is therefore remanded to the ALJ to develop the narrative discussion regarding whether [p]laintiff was disabled based on the entirety of his symptoms . . . and, if necessary, to then determine if his polysubstance addictions were a material contributing factor").

Of course, after applying the proper regulatory analysis on remand, the ALJ may conclude that Colbert is not disabled. At this stage, however, the Court's inability to determine that the ALJ followed the appropriate regulatory analysis "creates an unacceptable risk that a claimant [was] deprived of the right to have [his] disability determination made according to the correct legal principles." *Piccini*, 2014 WL 4651911 at *16 (quoting *Schaal v. Apfel*, 134 F.3d at 504).

Having concluded that remand is warranted, I decline to reach Colbert's remaining contentions. *See Erb v. Colvin*, 2015 WL 5440699, *15 (W.D.N.Y. 2015) (declining

to reach remaining challenges to the RFC and credibility assessments where remand requiring reassessment of RFC was warranted).

## **CONCLUSION**

For the reasons stated above, the Commissioner's motion for judgment on the pleadings **(Docket # 15)** is **DENIED**, and Colbert's motion for judgment on the pleadings **(Docket # 10)** is **GRANTED** to the extent that the Commissioner's decision is reversed, and this case is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for further administrative proceedings consistent with this decision.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated:  Rochester, New York
        December 6, 2019